UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:18-cr-20450-2

HONORABLE STEPHEN J. MURPHY, III

v.

D-2 DAVID ALLEN JOHNSON,

    Defendant.

                                    /

**OPINION AND ORDER**
**DENYING MOTION IN LIMINE [119]**

Defendant David Allen Johnson is charged with conspiracy to commit bank robbery under 18 U.S.C. § 371; two counts of aiding and abetting bank robbery under 18 U.S.C. §§ 2, 2113(a); and two counts of aiding and abetting the use of a short-barreled shotgun during and in relation to a crime of violence under 18 U.S.C. §§ 2, 924(c)(1)(B). ECF 114, PgID 478–82. Defendant moved in limine to redact and exclude certain statements he made when he was interviewed by the police after his arrest under Federal Rule of Evidence 404(b). ECF 119. The parties briefed the motion. ECF 123; 124. Because the motion is straightforward, the Court will resolve it without a hearing. *See* E.D. Mich. L. Crim. R. 12.1; E.D. Mich. L.R. 7.1(f)(2). And, for the following reasons, the Court will deny the motion in limine.

**BACKGROUND**

At issue are three categories of statements that the Court will reference as statement numbers twelve, thirteen, and fourteen. ECF 123, PgID 510–12

1

(statements); ECF 123, PgID 513 ("Statements 1–11, 15 and 16 will be redacted. . . . Statements 12–14 should be admitted."); ECF 124, PgID 526 ("[T]he Court should exclude the [G]overnment's proposed Rule 404(b) evidence (Items 12–14).").

Statement twelve covered statements between Defendant and the detective at time stamp 13:27:27–13:28:03.

> Johnson: "It's always the fuckin' . . . if you look at the drawer, if you're facing the drawer, it'll be the righthand side bottom, stack of 20's. Always."
>
> Detective: "How do you learn all that shit? Just from doing 'em, or?"
>
> Johnson: "Just from doing 'em. And they're instructed . . . As long as you direct from jump street . . ."
>
> Detective ". . . not to put they dye pack in?"
>
> Johnson: ". . . no transmitters, no anything."
>
> Detective "They're instructed not to put 'em in?"
>
> Johnson: "Yeah."
>
> Detective: "Is that for safety purposes, or just . . . ?"
>
> Johnson: "Well the last thing they want is a fuckin' hostage situation inside the bank."

ECF 123, PgID 510 (citing ECF 103-1 interview recording filed in the traditional manner). Statement thirteen covered statements between Defendant and the detective at time stamp 13:34:11–13:34:39.

> Detective: "I mean, have you ever had a situation where somebody tried to be a fuckin' hero and go rogue on you?"
>
> Johnson: "Not once."

Detective: "Not once?"

Johnson: "Yesterday was the first time."

Detective: "Okay."

Johnson: "The dude in the truck."

Detective: "Really? Like you've never ran into a situation inside a bank and somebody is like 'fuck this guy' kind of a thing?"

Johnson: "No, especially with a shotgun."

Detective: "Okay. Cause that kind of fuckin' backs people off in a hurry?"

Johnson: "when you have that muzzle on them, yeah."

Detective: "Yeah."

*Id.* (citing ECF 103-1 interview recording filed in the traditional manner).

Statement fourteen covered statements between Defendant and the detective at time stamp 13:35:07–13:36:45.

Johnson: "I actually robbed a . . . I used to rob banks when I was younger."

Detective: "Right."

Johnson: "And I'd pick ones with armed guards eventually, so I could take their pistols."

Detective: "No shit?"

Johnson: "Yeah."

Detective: "And they never fuckin' resisted you? Not once?"

Johnson: "Not once."

Detective: "So would you grab it like as soon as you would go in?"

Johnson: "Oh, of course."

Detective: "Okay. So they'd be standing at the door, you'd walk in and . . ."

Johnson: "Off the hip and off the ankle."

Detective: "And put them down, basically? No shit?"

Johnson: "Just thank you, thank you and . . ."

Detective: "Wow. So you purposely would hit places with guards?"

Johnson: "Yeah, without a question."

Detective: "Wow. And you didn't have a fear that somebody was gonna fuckin' fire?"

Johnson: "People don't [inaudible]. I only hit trained professionals."

Detective: "Right."

Johnson: "Yeah, yeah, yeah, yeah. Put yourself in that position. You've got a nine on your hip, your hand's out here and you got a 12-gauge pointed at you."

Detective: "Yeah, you ain't getting a round off before you get fuckin' blasted."

Johnson: "Period."

Detective: "Period. Especially with a fuckin' buckshot."

Johnson: "especially as a trained professional. You know what a shotgun is going to do."

Detective: "Oh, it's gonna be bad. It's gonna be bad. Especially at close range."

Johnson: "Yeah."

Detective: "It's gonna be very bad. You got no chance of surviving that."

Johnson: "None."

*Id.* (citing ECF 103-1 interview recording filed in the traditional manner). Defendant argued that the above statements should be considered inadmissible character evidence under Rule 404(b). ECF 119, PgID 497.

## LEGAL STANDARD

Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But the "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b); *see also United States v. Lattner*, 385 F.3d 947, 956 (6th Cir. 2004) ("[I]t must be remembered that Rule 404(b) is an inclusionary, rather than exclusionary, rule.") (collecting cases).

The Court "must apply a three-step analysis to evaluate the admissibility of evidence under Rule 404(b)." *United States v. Hardy*, 228 F.3d 745, 750 (6th Cir. 2000) (citation omitted). First, the Court must find "whether there is sufficient evidence that the 'other acts' took place." *Lattner*, 385 F.3d at 955. Second, the Court must find "whether those 'other acts' are admissible for a proper purpose under Rule 404(b)." *Id.* Third, the Court must find "whether the 'other acts' evidence is more prejudicial than probative." *Id.* (quotation omitted). Rule 104(b)'s relevancy requirement governs the first prong of the Rule 404(b) analysis. *Huddleston v. United States*, 485 U.S. 681, 689–90 (1988). And Rule 403 governs the third prong of the Rule 404(b) analysis. *Hardy*, 228 F.3d at 750 (citation omitted). Under Rule 403, relevant

5

evidence may be excluded "only if the evidence's probative value is substantially outweighed by a danger of unfair prejudice." *United States v. Clark*, 24 F.4th 565, 579 (6th Cir. 2022) (cleaned up). Rule 403's balancing test is "strongly weighted toward admission." *Id.* (quotation omitted).

## DISCUSSION

The parties dispute the admissibility of statements twelve, thirteen, and fourteen. ECF 123, PgID 510–11, 513; ECF 124, PgID 526. The Court will explain why the three categories of statements are admissible under each Rule 404(b) prong.

### I. Statement Twelve

In statement twelve Defendant explained that he generally instructs bank tellers to not put dye packs or transmitters in any of the money that they surrender to him during a bank robbery. ECF 123, PgID 510. He implied that he could successfully give that instruction because of the looming threat that he could create a "hostage situation inside the bank." *Id.* For the following reasons, the statement is admissible.

#### A. *Sufficient Evidence*

Statement twelve does not refer to any particular bank robbery. *See id.* Instead, Defendant explained to the detective that he generally instructs bank tellers "not to put the dye pack in" the surrendered money. *Id.* Defendant even explained that he knew where the dye packs were "[a]lways" located. *Id.* Defendant's recorded statement is a credible recount of his experience with dye packs and is thus "sufficient [evidence] to support a finding" that Defendant generally instructed bank tellers to

6

leave out dye packs or face a "hostage situation inside the bank." Fed. R. Evid. 104(b); ECF 123, PgID 510. To be sure, Defendant never argued that statement twelve was inadmissible because of insufficient evidence. *See* ECF 142, PgID 521–22. The first Rule 404(b) prong is therefore satisfied.

    B.    *Proper Purpose*

The Government argued that statement twelve will be offered to show Defendant's knowledge, preparation, plan, and motive for how he and his co-Defendants would carry out the charged bank robberies. ECF 123, PgID 517. The Court agrees that statement twelve is highly probative of Defendant's knowledge and plan that the bank robberies for which Defendant is indicted could feature a hostage situation. In turn, the evidence could support a jury finding that Defendant either had advance knowledge that a firearm would be used to enforce a hostage situation or that the use of a firearm was reasonably foreseeable. And Defendant lodged no argument against the Government's explanation for statement twelve's proper purpose. *See* ECF 124, PgID 521–22. Thus, the second prong of Rule 404(b) is satisfied.

    C.    *Probative v. Prejudicial Value*

Defendant's sole argument against statement twelve's admissibility is that "the dye pack conversation is not relevant to any scheme inasmuch as the robbers were given a dye pack and the red dye pack substance on clothes and currency bills is being used against Defendant." *Id.* at 522. But Defendant overlooked his statement about the risk of a hostage situation. *See id.* The Court agrees that the details about

7

dye packs are not by themselves relevant, but they provide context for the highly probative statement about hostage situations. After all, if Defendant generally threatened banks with a hostage situation to avoid dye packs or other transmitters, it follows that Defendant would have needed a weapon to enforce his threat to take hostages. Thus, the statement is highly probative of Defendant's knowledge and plan that a weapon would be used (or could foreseeably be used) to carry out the bank robberies at issue. Plus, any potential prejudice caused by the statement can be minimized "by providing a jury instruction explaining the evidence's limited use prior to its admission." *United States v. White*, 543 F. App'x 563, 569 (6th Cir. 2013).

In all, statement twelve is admissible Rule 404(b) evidence. The Court will therefore deny Defendant's motion as to statement twelve.

II. Statement Thirteen

In statement thirteen Defendant explained that in his experience robbing banks, only once did someone try to thwart the robbery. ECF 123, PgID 510–11. He assessed that people generally avoided trying to be a "hero," and thus allowed the robbery, "especially [if he had] a shotgun" or "ha[d] that muzzle on them." *Id.* at 511. The statement is admissible for the reasons below.

    *A.    Sufficient Evidence*

Statement thirteen presents the same issue as in statement twelve: the statement does not refer to any particular bank robbery, but only to Defendant's aggregated bank-robbing experience. To that end, Defendant's recorded recount about his experience using a shotgun in a robbery is "sufficient [evidence] to support

8

a finding" that Defendant did generally have that experience. Fed. R. Evid. 104(b); ECF 123, PgID 511. Nothing in the recording suggests he was being dishonest during the statement thirteen conversation. *See* ECF 123, PgID 510 (citing ECF 103-1 interview recording filed in the traditional manner), 13:34:11–13:34:39. And Defendant did not suggest otherwise. *See* ECF 124, PgID 522–23.

Still, the Government noted that Defendant committed at least one bank robbery that "is corroborated by a federal conviction for armed bank robbery." ECF 123, PgID 514 (citing *United States v. Johnson*, Case No. 2:92-cr-80992, ECF 13, PgID 8–13 (E.D. Mich. Apr. 29, 1993)). And the Government pointed out that Defendant has "four [S]tate convictions for armed robbery." *Id.*[1] Thus, there is sufficient evidence, beyond the recorded statement, to support a finding that Defendant had experience with robbing banks while armed and that his statements about his experience using a shotgun to compel people to comply during a heist was true. The first Rule 404(b) prong is satisfied.

## B.     *Proper Purpose*

Next, the Government argued that statement thirteen is probative of Defendant's knowledge of and plan "to use a shotgun during each of the [charged] robberies." ECF 123, PgID 517. The Government also claimed that "[i]t is a reasonable inference that [Defendant] planned to commit the bank robberies with a

---

[1] The Michigan Department of Corrections website confirms Defendant's four State armed robbery convictions. *Offender Tracking Information System*, MDOC, https://bit.ly/3qAbMnz [https://perma.cc/Q9WR-UBAP] ("Active Sentence[s]" three, four, five, and six).

9

shotgun because, as he stated, no one 'goes rogue' or tries to be a hero 'when you have [the] muzzle [of a shotgun] on them.'" *Id.* (alterations in original). The Court agrees. Defendant's statements reasonably show that he believed a bank robber is unlikely to face resistance if a shotgun is involved. *See id.* at 510–11. Thus, the evidence could support the Government's assertion that Defendant planned to use a shotgun to successfully carry out the present robberies without resistance. Indeed, Defendant acknowledged that before the present robberies, using a shotgun during a bank robbery had been 100% effective to "back[] people off in a hurry." *Id.*

Defendant stressed that statement thirteen was only propensity evidence given that his "younger age robberies occurred [thirty-seven] years ago" and that one of his prior uncharged robberies was "committed by Defendant alone" rather than "by three persons [when] the person carrying the shotgun was co-Defendant Gunther." ECF 124, PgID 523. But the argument appears to conflate statement thirteen with statement fourteen because Defendant never detailed when his shotgun bank robberies occurred or whether such robberies resulted in charges. *See* ECF 123, PgID 510–11. That information appears in statement fourteen alone. *See id.* at 511–12. The argument fails and the second Rule 404(b) prong is satisfied.

    C.    *Probative v. Prejudicial Value*

In short, statement thirteen is highly probative. Defendant plainly stated that, in his experience, using a shotgun is a sure way to rob a bank with little resistance. *Id.* at 510–11. Thus, the evidence goes toward Defendant's knowledge and plan that a shotgun would be used (or could foreseeably be used) to carry out the bank robberies

10

at issue. *See* ECF 114, PgID 478–82 (superseding indictment with two counts of aiding and abetting the use of a short-barreled shotgun during and in relation to a crime of violence under 18 U.S.C. §§ 2, 924(c)(1)(B)). Again, any potential prejudice caused by the statement can be minimized "by providing a jury instruction explaining the evidence's limited use prior to its admission." *White*, 543 F. App'x at 569.

In sum, all three Rule 404(b) elements are satisfied. The Court will therefore deny Defendant's motion in limine as to statement thirteen.

III. Statement Fourteen

In statement fourteen Defendant described his history of "rob[bing] banks when [he] was younger." ECF 123, PgID 511–12. Defendant detailed to the detective that he "eventually" preferred to target banks "with armed guards" so that he could "take their pistols." *Id.* at 511. He also explained that no guard had ever shot at him because they were "trained professionals," who "kn[e]w what a shotgun [would] do" to them if they ever tried to use their pistols against Defendant. *Id.* at 511–12 ("It's gonna be bad. Especially at close range. . . . You got no chance of surviving that."). For the following reasons, the statement is admissible Rule 404(b) evidence.

    A. *Sufficient Evidence*

Defendant argued that the mention of his "younger" robberies are the robberies he allegedly committed "at around age 14–18 years old," rather than "the robberies he committed in his 20's for which he has convictions." ECF 124, PgID 522. Thus, as

11

Defendant put it, there is no information about where, when, or if the "younger age robberies" took place. *Id.* at 522–23. But two arguments refute that conclusion.

One, Defendant mentioned his first robbery at age fourteen and living on the run until he was eighteen *twenty minutes after* he made the statement fourteen comments. Nothing in the recorded statement suggests that the claim, "I used to rob banks when I was younger," should refer only to robberies committed between the ages of fourteen and eighteen but not the robberies committed in his twenties. *See* ECF 123, PgID 511–12. In fact, Defendant even explained that he would "pick [banks] with armed guards *eventually*, so [that he] could take their pistols." *Id.* at 511 (emphasis added). The term "eventually" suggests that he did not target banks with armed guards at the start of his robbing career. *See id.* Thus, Defendant could have been referring to robberies committed in his twenties that ended in convictions. Because Defendant was in his fifties when he uttered statement fourteen, ECF 124, PgID 523 n.2, robberies committed in his twenties would have been robberies completed "when [he] was younger." ECF 123, PgID 511.

There are at least five armed robberies for which Defendant was charged and found guilty. ECF 123, PgID 514. Those convictions corroborate Defendant's credible, recorded statements to the detective. The evidence is sufficient to show that Defendant's description of his conduct during his "younger age robberies," ECF 124, PgID 522, is a reliable account of his prior bad acts and that the acts occurred.

12

### B. Proper Purpose

As to statement fourteen, the Government reasoned that Defendant's "explanation for why he prefers to use a shotgun—specifically that a shotgun makes people compliant because even 'a trained professional knows what a shotgun is going to do'—is evidence of his preparation, plan, and motive for how Defendant and his co-Defendant effectuated the bank robberies." ECF 123, PgID 517 (cleaned up).

Here again, Defendant's statements reasonably show that he believed robbing a bank while armed with a shotgun would mean little-to-no resistance by even armed guards. *See id.* at 511–12. ("I'd pick the [banks] with armed guards . . . . And they never [] resisted [me.] . . . Not once. . . . [E]specially as a trained professional. You know what a shotgun is going to do."). Thus, the evidence could support the Government's assertion that Defendant had a motive to use, and indeed planned and prepared to use, a shotgun to successfully carry out the present robberies to avoid resistance.

Plus, Defendant's propensity argument, ECF 124, PgID 523, falls short. For one, Defendant's argument appeared to suggest that his statements fail to prove Defendant's modus operandi. *Id.* at 523–24 ("A one-person robbery is not the same modus operandi as a three-person robbery.") (italics removed). The Government did not lodge a modus operandi argument in favor of admissibility. *See* ECF 123, PgID 515–17. Thus, the Court need not analyze whether the evidence proves modus operandi. For another, the statements show that Defendant believed using a particular kind of weapon would limit resistance when robbing a bank. It follows that

13

Defendant's belief would have impacted his plan and preparation to carry out the robberies for which he is now charged. Thus, the statements serve an evidentiary purpose beyond mere propensity to commit the crimes on trial. Prong two of Rule 404(b) favors admissibility.

    C.    *Probative v. Prejudicial Value*

Last, the probative value of Defendant's revelations in statement fourteen is not substantially outweighed by any prejudice they may produce. The conversation within statement fourteen does more than "paint [Defendant] as a bad person and serial bank robber." ECF 124, PgID 525. It is probative of Defendant's alleged motive, preparation, and plan to use a shotgun to carry out the indicted bank robberies. *See* ECF 114, PgID 478–82 (superseding indictment with two counts of aiding and abetting the use of a short-barreled shotgun during and in relation to a crime of violence under 18 U.S.C. §§ 2, 924(c)(1)(B)). And any potential prejudice caused by the statement can be minimized "by providing a jury instruction explaining the evidence's limited use prior to its admission." *White*, 543 F. App'x at 569.

All three Rule 404(b) elements are satisfied. The Court will therefore deny Defendant's motion in limine as to statement fourteen.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion in limine [119] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 22, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 22, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager